**463-15**

# In THE COURT OF CRIMINAL APPEALS OF TEXAS

KIRT Allen Esthay
   APPellanT, PRO SE

ORIGINAL

CAUSE NO, 03-14-00313-CR
AnD
Tr. Ct. NO. DAS-13-01849

V.

THE STATE OF TEXAS
   APPellee,

RECEIVED IN
COURT OF CRIMINAL APPEALS

JUL 17 2015

Abel Acosta, Clerk

## APPellanT's BRIEF

FILED IN
COURT OF CRIMINAL APPEALS

JUL 2 1 2015

Abel Acosta, Clerk

ResPecTFully submitted,
Kirt Allen Esthay
TDCJ NO. 1919078
3060 F.M. 3514
BeaumonT, TX 77705
   APPellanT, Pro SE:

## ORAL Argument Requested:

1.) WHY; APPellant having very limited legal Knowledge; Know's he cannot Question any from of PaPer, being in this light: APPellanT is Request Argument as to face his liberty holder:

ResPectFully,
Kirt Allen Esthay
   APPellanT, Pro SE;
In his ON stile:

Pg 1.

## STATEMENT OF THE CASE

The Appellant KIRT Allen Esthay, was Indicted on November 25, 2013; For the said offense of aggravated assault with a deadly weapon, under 22.02(a)(2) of the Texas Penal code, a second degree felony for an offense that has been said, occurred on August 24, 2013: Deputy GeorGina Maritz was dispatched out to Eola, in ConCho County and arrested appellant for old warrant's, ticket's: Officer Maritz did not charge Appellant with Aggravated assault untill August 28, 2015; By her on testimony & Affidavit on August 25, 2013, Appellant was rebooked into the runnels county Jail for a second time and charged with Public Intoxication; Cause No. 2013-2039; Also charged with disorderly conduct and Discharge/Display Fire Arm, Case No. 2013-2723, SHeriffs #17026. Appellant was arrained on these charges August 27, 2013, Sentenced to county Jail Time. August 29, 2013 Appellant is arrained once again, this time for aggravated assault with a deadly weapon, Comming out of charges, he had alread received Jail time for: Appellant was tried by a Jury for aggravated assault with a deadly weapon, enhanced found guilty and sentenced to 25 year aggravated. Agg assault with a deadly weapon, Case No. 20130828-23617-2212.

pg 2.

# Procedural History For
## Court of CRIMINAL APPeals

1.) The order from the third district court of appeals to the clerk of the 119Th district court of concho County Texas, To Provide Report records and or appellate records; September 22, 2014:

2.) First date, records of trial received, October 30, 2014:

3.) Appellants motion for Production of documents missing out of Appellant records; filed November 10, 2014; Received by the Courts December 4, 2014 and denied December 9, 2014:

4.) First motion for extension for time to file Pro SE brief was granted, October 31 2014; moving date From October 30, 2014, e  ended to December 29, 2014:

5.) Second motion for extexsion to file Pro SE brief granted, December 23, 2014 moving time from December 29, 2014 to february 27, 2015:

6.) Oral argument denied March 9, 2015; The Appellant had not filed For oral argument: Cause set For Submission on Pro SE brief, Monday, March 30, 2015:

7.) First Motion to supplement Original Pro SE brief, Granted, March 26, 2015; Appellants Second Pro SE brief was granted as well; March 30, 2015:

8.) Appellant Petition for writ of madamus filed April 13, 2015, and was said by the third district of appeals, not to have Jurisdiction to grant Relief, madamus, dismissed:

9.) Motion for appointment of counsel denied November 10, 2014:

10.) Motion for rehear denied, April 17 2015:

11.) Third court of appeals Affirmed Trial court Judement. March 31, 2015:

12.) Motion for reconsideration, April 13, 2015; denied, April 17, 2015:

13.) Motion for extensions to file P.D.R, granted 4/24/2015 ontill July 17, 2015:

# IDENTETIES of ParTies And COUNSEL

This Following List is ComPlete of all ParTies as well as names, addresses of all counsel.

1.) AppellanT; KirT Allen EsthaY, Pro SE: AT, 3060 F.M 3514, BeaumonT Texas 77705:

2) Defense and trial attorneY GeralD R. RATliFF, State Bar NUO. 16566000, 125 South Irving, San Angelo Texas 76902:

3) AttorneY of record on aPPeal For AppellanT, KIRK HawiKins, State bar NUO. 09250400, P.a.Box 3645, SAN ANGElo Texas 76903:

4) The Honorable BillY RaY StubbleField administrative Judge williamson CounTY CourT house 405 marTin Luther King, Box 2 Georgetown, TX 78626:

5) The honorable Barbara K HoFFman, Now Phyllis F. Lovell Concho CounTY & District Clerk P.O. Box 98, PainT Rock Texas 76866-0098

6) The honorable George E. McCrea District AttorneY 119Th Judicial district 124 W. Beauregard, Suite B San ANGElo Texas 76903

7) The honorable Ben woodward, trial Judge, Tom Green CounTY CourThouse, CourT St. Annex 124 W. Beauregard, San Angelo Texas 76903:

8. The honorable J. WoodFin Jone, Chief Justice Now JEFF L. Rose, Chief Justice, oF the Third CourT oF AppPeals, P.O. Box 12547, Austin, Texas 78711-2547:

# Index of AUTHORITIES

1. Ammann V. STATE (1879) 6 Tex Crim 663:

2. BenJamin Davidson Jr. APPellant V. State, 602 Sw. 2d 272; (1980 Tex Crim APP):

3. Bowley V. State, 310 Sw 3d 912, 919 (TEX Crim APP 2010)

4. Burns V. State 728 Sw. 2d 114, 116, Tex APP-Houston 14TH dist 1987 PET Refd:

5. CF. NaPue V. Illinois, 360 US 264, 269, 3 L.Ed 2d 1279, 79 S.CT 1173 (1959); 405 US at 154, 31, Ed 2d 104, 92 S.CT 763;

6. Clewis V. State 922 Sw 2d, 126, 133, (Tex crim APP 1996:

7. Coyler V. Sullivan 446 US 335 (1980):

8. Craiger V. State 48 Tex crim 500, 88 S.w, 208, 212 (1904):

9. CRitz V. State 238 S.w 3d 389, 398 Tex APP-Houston (2006 NO PeT)

10. DanZig V. State

11. Delair Watson V. State 204 S.w 3d 404 (Tex crim APP 2006)

12. Denham V. State 574 S.w 2d 129 (Tex crim APP 1978)

13. Ellison V. STaTe (Tex Crim APP) 419 Sw 2d 849:

14. exParte Felton, 815 Sw 2d 733 (Tex crim APP 1991)

15. Figueroa V. State No. 07-05-0314-CR (2006 Tex APP)

16. Fisher V. State 651 Sw 2d 298, 302, (Tex crim App 1993)

17. Fregia V. state 79 Tex crim 334, 185 sw 11 (1916)

18. Harris V. State, Supra

19. HarT V. STATE 581 sw 2d 675 (Tex crim App 1979)

20. Hubband V. State 602 sw 2d 274  579 sw 2d 930 (Tex crim App 1979)

21. Gear V. State 340 sw 3d 743, 746, (Tex crim App 2011)

22. Jackson V. Virginia 443 US. 307, 318, 319, 99 Sct, 2781, 2789, 61 L. Ed 2d 560, 573, (1979)

23. Jackson V. State (1913) 156 sw 1164:

24. Johnson V. State (1913) 156 sw 1164:

25. Jolly V. State (crim App 1920) 87 (Tex crim App 2006)

26. Jose R. Alvarez V. State 566 Sw 2d 613;

27. King V. State. 645 sw 2d 782;

28. King V. State 895 Sw. 2d 701, 703, (Tex crim App 1995)

29. Laster V. State, 275 sw 3d. 512, 517 (Tex crim App 2009)

30. Limuel V. State 568 Sw. 2d 309 (Tex crim App 1978)

31. MaTson V. State 81 sw 2d 829, 846 (Tex crim App 1991)

Pg2.

32) McElroy v State 528, SW 2d 831 (Tex Crim APP 1975)

33) McMann v. Richardson 397 US. 759 (1970)

34.) Megan Winfrey Hammond v. State 393 SW. 3d 763 (2013)

35.) Musgraves v. State 34 SW 3d 912, 919 (Tex Crim APP 2000)

36. Norton v. State (1855) 14 Tex 387:

37.) Pleasant v. State (1940) 140 Tex Crim 267, 144 SW 2d 545:

38. Powell v. Alabama 287 US 45 (1932)

39. Simpson v. State 109 Tex Crim 373 SW 2d 159, 160, (1928)

40. Strickland v. Washington, 466 US 668 (1984)

41. Thomas v. State 821 SW 2d 616:

42) Triplett v. State. No. 07-08-0121-CR, 292 SW 3d 205, 2009 Tex APP Lexis 5194, 2009 WL 1940895 at 4 (Tex APP-Amarillo 2009 no Peth)

43. Tywoo Keyondi McCain v. State citing as 22 SW 3d 497 (Tex Crim APP 2000)

44. Watson v. State 204, SW 3d 404, 414, 415, (Tex Crim APP 2006)

45) Williams v. State 28 SW, 474, 475, (Tex Crim APP 1894)

46. whiting V. State, 797 S.W 2d 48, 49, (546 S.W 2d 302):

47. whitten V. State 28 sw 474, 475, (Tex crim App 1894)

48. vasquez V. State 67 Sw 3d 299, 236, (Tex Crim App 2002)

49. Vaughn V. State 932 Sw 2d 564 (Tex crim App 1996)

TEXAS Penal codes; 1.07 (a) (17) 1.07 (a) (46): Penal code; 2.01; 2.04; 2.05 (a): 1.07(B); 1.07 (25); 1.07(a) (8); 1.07(a)(9); 12.35: 38.03; 42.12 § 3g(2) 22.01.(a) (2); 22.01(c); 22.01(a)(3); 22.02(a)(2);

VTC A code of Crim Procedure Art 11.07 § 4(a)(2) Federal rule of evidence 608(b):

U.S. ConsT. Amend VI and XIV; Tex const, Art 1. § 10:

# Issues Presented

1.) Deadly weapon:

2.) Due Process:

3.) Ineffective Assistance:

4.) Inconsistent and contradicting testimony:

5.) Legally insufficient to support conviction:

6.) Factually insufficient to support conviction:

7.) Threat; with intent or able to cause imminent bodily injury:

8.) Also Presented; Appellant's book in report as County Jail Present's it:

9.) Also Presented, ONE Final disposition as the Judge; Scott A. Spoonts, Present's it:

Pg 10.

# INDEX

1.) APPellanTs, brieF, Page #1:

2.) STATEMenT oF The case, Page #2:

3.) Procedural HistorY For CourT of criminal aPPeals Page's 3-4:

4.) IDenTiTies oF ParTies and counsel, Page #5:

5.) Index of AuTHoRITies, Page #6 And 7, 8, 9:

6.) Issues PresenTed, Page #10:

7.) Booking into the Runnels County Jail; Page after #9, 1 oF 2, and 2 oF 2:

8.) FinaL Case DisPosiTion; after the dook-in record's; but before before Page #11:

9.) PraY For RelieF, and CertiFicate oF Service Page #11:

10.) UNSWORN Declaration, Page #12:

11.) ArgumenT, after Page #12 But 1 oF 15 Pages:

12.) CoPY oF JudgmenT rendered march 31, 2015 In NO. 03-14-00313-CR:

13.) And one MeMorandum OPINION From the 119Th district courT oF Concho CouNtY Texas.

## PRAY For RELIEF

Wherefore, Premises considered appellant Kirt Allen Esthay, Pro SE, having very little education; I.Q. 73# leave, No Prior legal Knowledge. PRAYs The honorable court of criminal appeals of Texas Grants his P.D.R, as he atempted to follow Rule 66.3 of Texas Rules of Appellate Procedure:

Recpectfully,
Kirt Allen Esthay
TDCJ No. 1919078
Kirt Allen Esthay
Appellant, Pro SE
3060 F.M. 3514
Beaumont, TX 77705

## CERTIFICATE OF SERVICE

I Kirt Allen Esthay, Appellant Pro SE, hereby certifys that a true copy of Appellate briEF was served on MR George Mccrea of the 119Th district Attorney, by Placing a copy inthe

U.S. Mail addressed to 124 W. Beauregard SAN ANGElo, Texas 76903. ON This the day of JUly 2015:

SIGNED;
Kirt Allen Esthay
Appellant, Pro SE

P911.

## NOTICE

## INMATE NOTARY PUBLIC SERVICE

Under both Federal Law (28 U.S.C. § 1746) and State Law (V.T.C.A. Civil Practice & Remedies Code, & 132.001-132.003), inmate incarcerated in Texas may use an unsworn declaration under penalty of perjury in place of a written declaration, verification, clarification, oath, or affidavit sworn before a Notary Public. An example of an unsworn declaration is as follows:

### Unsworn Declaration

I, Offender _Kirt Allen Esthay_, TDCJ Number _1919078_ am presently incarcerated at the Mark W. Stiles Unit of the Texas Department of Criminal Justice in Jefferson County, Texas declare under penalty of perjury that the above is true and correct.

Signed on the _____ day of _July_, 20 _15_.

_Kirt Allen Esthay_
Printed Name

_Kirt Allen Esthay_
Signature

P9 12.

Unsworn Declaration

Inmate Name
ESTHAY, KIRT ALLEN - 08/10/1967 Person ID: 100154152

Booking #
13270

Physical Description

Hgt: 505, Wgt: 145, Medium, Blue Eyes, Brown Hair, Short Shoulder Hair, Mustache, Light Brown Skin

| Arresting Agency | Arrest Type | Arrest Date/Time |
|---|---|---|
| CONCHO COUNTY SHERIFF'S OFFICE | Warrant/Out of County New Charge | 08/24/2013 19:46 |

**Arrest Charges**

| Category | Charge Description |
|---|---|
| F 2 | AGG ASSAULT W/DEADLY WEAPON |
| M C | PUBLIC INTOXICATION |
| M B | DISORDERLY CONDUCT DISCHARGE/DISPLAY FIREARM |

**Warrant Charges**

Case Number: 2012-2191    Warrant #: 2038    Warrant Type: Out of County Warrant

Charge Description
DWLI

Case Number: 2012-2190    Warrant #: 2039    Warrant Type: Out of County Warrant

Charge Description
NO LIABILITY INSURANCE

**Sentence Charges**

**Bond Information**

Case Number : 2012-2190

Bond Type : Fine      Bond Amount : $ 559.13

Payment Amount :    Payment Type :    Date :

Total: $

Type of Release : Time Served
Release Comment : TIME SERVED JUDGE SPOONTS

Case Number : 2012-2191

Bond Type : Fine      Bond Amount : $ 884.13

Payment Amount :    Payment Type :    Date :

Total: $

Type of Release : Time Served
Release Comment : TIME SERVED JUDGE SPOONTS

Case Number : TMP0011960

Bond Type : Surety      Bond Amount : $ 1,000.00

Payment Amount :    Payment Type :    Date :

Total: $

Type of Release : Released to Other Agency
Release Comment : RELEASED TO CONCHO COUNTY TRANSPORT TO SAN ANGELO TX FOR TDC BUS.

Case Number : TMP0011961

Bond Type : Fine      Bond Amount : $ 117.00

Inmate Name
  ESTHAY, KIRT ALLEN  - 08/10/1967 Person ID: 100154152

Booking #
13270

## Bond Information (cont..)

Case Number :  TMP0011961

| Payment Amount : | Payment Type : | Bond Amount :  $    117.00 | Date : |

        Total: $

Type of Release :    Time Served
Release Comment :    TIME SERVED JUDGE SPOONTS

Case Number :  TMP0011965

Bond Type :  Surety                            Bond Amount :  $    100,000.00

| Payment Amount : | Payment Type : | | Date : |

        Total: $

Type of Release :    Sentenced
Release Comment :    SENTENCED TO 25 YRS TDC. ON 02/19/2014.

## Arrest Cases

## Release Information

Final Release Date/Time : 04/17/2014      16:00      Release Officer :  CBULLOCK

THE STATE OF TEXAS
VS.
KIRT ALLEN ESTHAY
TICKET # 2723



JUDGE SCOTT A. SPOONTS
Justice of the Peace, Concho County
P.O. Box 44
Paint Rock, TX 76866
PH: 325-732-4706
FAX: 325-732-4267


KIRT ALLEN ESTHAY
8548 CELIA DR
BEAUMONT, TX 77705


# FINAL CASE DISPOSITION


Case Number 2013-2039 was filed in this court by Officer MARITZ, a charge of : PUBLIC
INTOXICATION, alleged to have occurred on or about August 24, 2013, for which the Defendant, KIRT
ALLEN ESTHAY, entered a plea of No Plea on .


As of August 27, 2013, Case Number 2013-2039 has been:
CLOSED-JAIL TIME SERVED, 3 days at Runnels County Jail.


Signed August 27, 2014


Judge Scott A. Spoonts
Justice of the Peace
Concho County, TX

# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## JUDGMENT RENDERED MARCH 31, 2015

## NO. 03-14-00313-CR

**Kirt Allen Esthay a/k/a Kirt Allen Estay a/k/a Kirt Estay, Appellant**

v.

**The State of Texas, Appellee**

---

**APPEAL FROM THE 119TH DISTRICT COURT OF CONCHO COUNTY**
**BEFORE CHIEF JUSTICE ROSE, JUSTICES GOODWIN AND BOURLAND**
**AFFIRMED -- OPINION BY JUSTICE GOODWIN**

---

This is an appeal from the judgment of conviction entered by the trial court. Having reviewed the record and the parties' arguments, the Court holds that there was no reversible error in the trial court's judgment of conviction. Therefore, the Court affirms the trial court's judgment of conviction. Because appellant is indigent and unable to pay costs, no adjudication of costs is made.

# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-14-00313-CR

### Kirt Allen Esthay a/k/a Kirt Allen Estay a/k/a Kirt Estay, Appellant

### v.

### The State of Texas, Appellee

## FROM THE DISTRICT COURT OF CONCHO COUNTY, 119TH JUDICIAL DISTRICT
## NO. DAS-13-01849, THE HONORABLE GARLAND B. WOODWARD, JUDGE PRESIDING

## MEMORANDUM OPINION

Appellant, Kirt Allen Esthay a/k/a Kirt Allen Estay a/k/a Kirt Estay, was convicted by a jury of aggravated assault with a deadly weapon. *See* Tex. Penal Code § 22.02. Pursuant to the habitual offender provision of the Penal Code, the trial court assessed appellant's punishment at confinement in the Texas Department of Criminal Justice for 25 years. *See id.* § 12.42(d).

Appellant's court-appointed attorney has filed a motion to withdraw supported by a brief concluding that the appeal is frivolous and without merit. The brief meets the requirements of *Anders v. California* by presenting a professional evaluation of the record demonstrating why there are no arguable grounds to be advanced. *See Anders v. California*, 386 U.S. 738, 744 (1967); *Garner v. State*, 300 S.W.3d 763, 766 (Tex. Crim. App. 2009); *see also Penson v. Ohio*, 488 U.S. 75, 81–82 (1988).

Appellant's counsel has certified to this Court that he sent copies of the motion and brief to appellant, advised appellant of his right to examine the appellate record and file a pro se response, and provided a motion to assist appellant in obtaining the record. *See Kelly v. State*, 436 S.W.3d 313, 319–20 (Tex. Crim. App. 2014); *see also Anders*, 386 U.S. at 744. Appellant requested access to the appellate record, and pursuant to this Court's order the clerk of the trial court provided written verification to this Court that the record was provided to appellant. *See Kelly*, 436 S.W.3d at 321. Appellant requested two extensions of time to file a response, which this Court granted. After the deadline for appellant's response had passed, appellant filed a pro se brief, a supplemental pro se brief, and a pro se motion to supplement the brief containing additional arguments. In these briefs, appellant asserts that the evidence is insufficient to support his conviction, complains about prosecutorial misconduct, and argues that he received ineffective assistance of counsel at trial.

We have conducted an independent review of the record—including appellant's untimely pro se brief, supplemental brief, and motion to supplement—and find no reversible error. *See Anders*, 386 U.S. at 744; *Garner*, 300 S.W.3d at 766; *Bledsoe v. State*, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005). We agree with counsel that the record presents no arguably meritorious grounds for review and the appeal is frivolous. Counsel's motion to withdraw is granted. The trial court's judgment of conviction is affirmed.

_____

Melissa Goodwin, Justice

Before Chief Justice Rose, Justices Goodwin and Bourland

Affirmed

Filed: March 31, 2015

Do Not Publish

3

# ARGUMENTS

1) Penal code 22.02 (a) (2), said's, used or exhibits a deadly weapon; Where is it been shown a deadly weapon was exhibited, used during the commission of the assault? Where is it show in the reporter records that an assault had even happened. Texas Penal code 22.02 (a); A Person commits an offense if the person commits assault. as defined in 22.01? Assault 22.01 (C) an offense under subsection (a) (2) or (3) is a Class C misdemeanor, is this

2) Right?? An assault with a deadly weapon is no lesser lly an aggravated assault. Johnson V. State (1913) 156 sw 1164: The desire to kill is not proof that the weapon was deadly: Pleasant V. State (1940) 140 Tex Crim 267, 144 sw 2d 545; Ammann V. State (1879) 6 Tex Crim 663: The Third court of Appeals errored by not viewing the evidence in the light most favorable to the verdict and determine whether any rational trier of fact could have found he

3) essential elements of the offene beyond a reasonable doubt. Vasquez V. State 67 sw 3d 229, 236 (Tex Crim App 2002) This standard of review applies to cases involving both direct and circumstantal evidence. King V. State 895 sw 2d 701, 703 (Tex Crim App 1995) although we consider all of the evidence Presented at the trial, we may not reweigh the evidence. If a reviewing court determines that the evidence is legally insufficient to support an appellants

4) Conviction, it must render a Judgment of acquittal: Clewis V. State 922 sw 2d, 126, 133 (Tex crim App 1996):

The arresting officer Deputy Maritz, testified that she had not arrested Appellant for aggravated assault, She arrested Appellant on outstanding warrants: Officer Maritz also testified it was the following day that Appellant was charged with Aggravated assault; So Appellant was arrested the 24th of August 2013, but wasnt charged ontill officer

5) Maritz made out her affidavit, thats officer Maritz's testimony: She also testified that Appellant had First been charge with Public intoxication & disorderly Conduct. See; 3RR 122; 9 — 25: See, offender booking sheet: Whats not right with this, the dates: ??

PG. 1.)

1.) Deadly weapon finding: how is it the court of the 119Th Judicial district of Concho County, Texas; able to Convict appeallant with aggravate assault with a deadly weapon, without a weapon? Penal code 22.02.(b)(2): by intentionally or Knowingly threatened Michael Cervantes, with a Knife by Pointing or exhibiting a deadly weapon, namely a Knife. Which in the manner of its use or intended use is capable of causing death or serious bodily injury. During the Commission of the assault. With al due respect to the Court, what weapon? What was the Manner of it use? OR intended use? And was the said weapon capable of causing death, or serious bodily injury? During what assaut? A Knife is not a deadly weapon Per se; Williams V. State 575 sw 2d 30 (Tex Crim APP 1979); Limuel v. State 568 sw2d 309 (Tex Crim APP 1978): It It can qualify as a deadly weapon by showing the manner of its use, Its size, and shape, and its Capacity To Produce death or serious bodily injury; Denham V. State 574 sw2d 129 (Tex Crim APP 1978); McElroy V. State 528 sw. 2d 831 (Tex Crim APP 1975): The State failed to show the said Knife in question was a deadly weapon, Under the law of, Texas Penal code 1.07(a)(17): The fact reamaens that there was "No weapon" for evidence; In THoMAS V. State 821 s.w. 2d 616: This Court Ruled, Accordingly; We held that "PocKet Knifes are not Per se deadly weapons", Citing; Craiger V. State 48 Tex Crim 500, 88 s.w. 208, 212, (1904): Opinion on rehearing): See Also; WHitten V. State, 28 s.w. 474, 475, (Tex Crim APP 1894) Eventually, the same rule was applied to such things as hunting and fishing Knives, of unSpecifed size and character: SimPson V. State 109 Tex Crim. 373, 5 sw 2d 159, 160 (1928): Occasionally a Knife was Produced of Such ominous appearance or Prodigious dimensions that we awarded it special recognition as a necessarily

1.) Texas Penal code Chapter. 2: BurDen of Proof. Section. 2.04. AFFirmative Defense. (a) An affirmative defense in this Code is so labeled by the Phrase; It is affirmative defense to Prosecution, the Prosecuting attorney is not required to negate the existence of an affirmative defense in the accusation charging commission of the offense. (C.) The issue of th existence of an affirmative defense is not submitted to the Jury unless evidence is admitted supporting the defense. (d.) If the issue of the existence of an affirmative defense is submitted to the Jury the court shall charge that the defendant must Porve the affirmative defense by a Preponderance of the evidence.

Section. 2.05. (a) Presumption; except as Provided by Subsection (b) when this code or another Penal Law establishes a Presumption with respect to any Fact, it has the following consequence: (1) if there is sufficient evidence of the Facts that give rise to the Presumption, the issue of the existence of the Presumed fact must be submitted To The Jury, unless the court is satisfied that the evidence as a whole clearly Precludes a finding beyond a reasonable doubt. a reasonable doubt of the Presumed Fact; and (2) if the existence of the Presumed Fact is submitted to the Jury, the court shall charge the Jury, in terms of the Presumption and the specific element to which it applies, as follows; (A) that the facts giving rise to the Presumption must be Proven beyond a reasonable doubt; (B) that if such facts or Proven beyond a reasonable doubt the Jury may find that the element of the offense sought to be Presumed exists, but it is not bound to so find; (C) that even though the Jury may find the existence of such element, the state must Prove beyond a reasonable doubt each of the other elements of the offense charged; and (D) if the Jury has a reasonable doubt as to the existence of a fact:

Pg 3.

1) First, with all do respect to the court of Appeals, but the facts will show in light of justice the third court of Appeals errored by not viewing all the evidence in its strongest light: The Body of law regulating the admissibility of what is offered as Proof into the record of a legal Proceeding under the rule of evidence: From any standPoint the court of Appeals could not have Found guilt reasonable certain: See; Jolly V. State (Crim APP 1920) 87 Tex Crim, 288, 221 SW. 279, Criminal Law: KEY 1152 (2): PrePonPerance of evidence Contradicts the Jurys Verdict: NO Rational Jury could have Found the aPplicant guilty beyond a reasonable doubt, See; Art 11.07 § 4 (a) (2): Insense rules of evidence, termed (in sense) Federal rule of evidence 608(b): The Court of criminal aPpeals OPinion; In, BenJamin Davidson Jr. APPellant V. State, 602 SW 2d 272, 1980: In APPellant Indictment it reads, See Cause, DAS-13-01849; DId then and there intentionally or Knowingly threaten Michael Cervantes with imminent bodily inJury by Pointing a Knife at him, and did then and there Use or exhibit a deadly weaPon, to-wit; a Knife, which in the manner and means of its use and intended use is caPable of causing death or serious bodily inJury, during the

Commission of said assault: THE CHARGE; Aggravated assault with deadly weaPon (§ 22.02 (a)(2): In Fact had the court of aPpeals viewed the evidence, There would have had no chose but to reverse the aPpellant conviction: Where is it Found a true Finding of a deadly weaPon, beyond any reasonable doubt: See; RePorter Records Cause No. DAS-13-01849: SEE; 602 SW.2d 272; 1980 Tex Crim APP. The Court reversed aPpellant's conviction for aggravated robbery and held that a descriPtion of a Knife by size and shaPe was insufficient evidence to suPPort a determination that the Knife was a deadly weaPon without evidence of the manner of its use and its caPacity to Produce death or serious bodily inJury. Thus. the evidence was insufficient to establish that aPpellant used or intented to use the Knife so as to inflict serious bodily harm.          Pg 4.

1.) Evidence can be deemed factually insufficient in Two ways: (1) the evidence supporting the conviction is to weak to support the factfinder's verdict, or (2) considering conflicting evidence," the factfinders verdict is, against the great weight and preponderance of the evidence": Laster 275 Sw 3d at 518; See Watson V. State, 204. Sw 3d. 404, 414-15 (Tex Crim App 2006); Johnson V. State, 23 Sw. 3d. 1, 11. (Tex Crim App 2006); (Setting forth Same Standard): SEE; CR;P.8-9: Now DePuTy GEORGINA MARITZ, Cross-examination; 3RR 115; 21-25: 3RR 116;1-5: Officer swore out an Affidavit claiming to have been advised that both Mr Cervantes and mr Luna had advised her that the Appellant brandished a Knife. Officer Maritz also sworn out an arrest warrant with the same Claims, which lead to him being Indicted and with office testimony of the same on trial, finally sentencing of the appellant, fabricated her testimony he arrest warrant and her affidavit; See; 3RR 125; 15-17: And now Mr Luna's Testimony on Cross-examination; 3RR 85;17-22: Where the evidence is conflicting and there is conflicting, and there is sufficient if believed, To Prove the case of the State, the Jury being the exclusive Judge's of the credibility of the testimony, Their Verdict will not be set aside unless it clearly appears To be wrong: Second; where there is no testimony To support it, the verdict will be set aside: Third; where the evidence is insufficient to rebut the Presumption of innocence, the verdict will be Set aside: Fourth; where the verdict is contrary to the weight of the evidence, it will be set aside: This is what the Court of criminal Appeals Said on Case; Delair Watson V. State Cited as 204 S.W. 3d. 404, (Tex crim App 2006) NO. PD-469-05: Court of Criminal Appeal:

Pg5.

1) or facts giving rise to the Presumption, the Presumption fails and the Jury shall not consider the Presumption for any Purpose: Effective assistance of counsel; see, US. const. Amend VI and XIV; Tex, Const. art 1. §10: Powell v. Alabama 287 US 45 (1932): Defense Counsel did infact show there was not any weapon found or Looked For, infact where was a threat made as

2) charged in the Indictment: See; CR; P.7: Also 3RR47;25: and 3RR48;1-4: and 3RR133;21-23: Texas Penalcode. 12.35 Finding; Deadly weapon, To establish a deadly weapons Finding; The state "Must" demonstrate the (1) object meets the statutory definition of a dangerous weapon; See, Penal code §1.07(a)(17) and Pen code §1.07(a)(46): (2) a deadly weapon was used or exhibited

3) during the commission of the assault as defined in Texas Penal code Ann §22.01(a)(2) A Person Commits a offense if he; (2) intentionally or Knowingly threatens another with imminent bodily injury; An assault is aggravated, Pursuant To Tex Penal code Ann § 22.02(a)(2) a Person commits an offense if he commits assault as defined in, 22.01 of this code.

4) Legal sufficiency; standard of Review: It is a fundamental rule of criminal law that one cannot be convicted of a crime unless it is shown beyond a reasonable doubt that the defendant commited each element, XIV; Tex Penal code; Criminal Proc. Ann art 38.03 (Vernon Supp 2008); Tex Penal code Ann 2.01 Evidence is legally insufficient if when

5) Viewed in a light most favorable to the Prosecution a rational trier of fact could not have fond each element of The Offence beyond a reasonable doubt. Jackson V. Virginia 443 US. 307, 318, 99 scT 2781, 2789, 61 L.Ed 2d 560 573 (1979): Laster V. State. 275 SW 3d 512, 517 (Tex Crim App. 2009)

Pg6.

1) Again, respectfully speaking the Third court of Appeals errored in holding the evidence legally and factually sufficient to support a conviction under Verons Ann. Texas codes of criminal Procedure, Art 42.12 § 3F(a)(2), now 42.12 § 3g(2) and 22.02 (a)(2) of the texas Penal Code use's or exhibits a deadly weapon during the Commission of an assault: see Ellison V. State (Tex Crim APP) 419 sw. 2d 849; Appellant would ask the court

2) of Criminal Appeals to show where in the Reporters records was there every any threat made verbal or otherwise, or any assault. The Third district court of Appeals errored aswell by holding the evidence legally sufficient to sweeten appellants conviction for aggravated assault by Used or eXhibited of a deadly weapon namly a Knife. When there was no Physical evidence that he used or exhibited a Knife, Conviction cannot rest solely

3) on hearsay. Are is that Not Law anylonger? See; King V. State 645 sw2d 782. Texas Penal code 1.07.(a)(17) Deadly weapon means; a firearm or anything manifestly designed, made, or adapted for the Purpose of inflicting death or serious bodily injury (B) anything that in the manner of it use or intended use is capable of causing death or serious bodily injury: Texas Penal code 1.07(a)(8) "Bodily injury" Mean's Physical Pain, illness, or any of Texas

4) Penal code 1.07(a)(8) impairment of Physical condition: Texas Penal Code 1.07 (a) (9) Coercion means a threat, however Communicated: Texas Penal code 1.07(8) to inflict bodily injury in the future on the Person threatened or another: Penal code 1.07 (25) Harm, Means anything reasonably regarded as loss, disadvantage, or injury, including harm to another Person in whose welfare the

5) Person affected is interested: How on this Plc et could Any Person Know beforehand or before any action be taken that a Person, First, would be able to cause action of becomming fact; Serious bodily injury; required for aggravated assault Conviction, mean's bodily injury that cause's Serious Permanent disfigurement:
PG7.

"Mr Cervantes testified he get out of his truck and appellant confronts him and asked why he said all that and so appellant tells him we can finsh this now, and Pull out Knife and said come on. 3RR 47; 18-25 and 3RR 48;1-4: Mr Cervantes testified that he was scared for himself and he's Kid's and appellant backs up to give him more room so he looks in the back of his truck and see's some stake's, so he reached in the dack of the truck and gets a couple of wooden stakes out, so he can Keep appellant away.... REAlly?? 3RR 49; 16-25: The criminal episode "begins when the attacker in any way restricts the victims freedom of movement and it ends with the final release or escape of the victim from the attacker's Control." CRUZ V. State 238 sw. 3d. 389, 398.(Tex APP-Huston) 1st dist (2006, No Pet) citing; Burns V. State. 728 s.w 2d 114 116 Tex APP-Houston 14th Dist 1987 Pet refd; See Figueroa V. State; No. 07-05-0314-CR, 2006 Tex APP: Mr Cervantes testified that he had told appellant to leave and that appellant started walking off but really he was Just at the back of his truck along with his Kids but he didnt Know appellant was there: See; 3RR 47;4-14: Also see; 3RR 49;14-18: The way a Jury estimates the truthfulness and reliability of a witness may be determinative of the witness                    testifying falsely that a defendants life or liberty may depend: CF. Napue V.          Illinois, 360 US 264, 269 3L Ed 2d 1217, 79 S.CT 1173 (1959): A New Trial is required if the          false testimony could in any reasonable likeihood have effected the Judgement of the Jury. 405 US at 154, 31 L. Ed 2d 104, 92 S.CT 763: State asking about Kids, there where no Kids, are anything In the report's about Kids. see; 3RR 50; 19-25: Also 3RR 51; 1-24: Whiting V. State, 797 sw 2d 48,49; However, it is error for the state to Present a statement of the law that is Contrary to That Presented in the charge To the Jury.

pg. 8

1.) Ms Irma Moreno's Testimony about it being to far To hear or see anything: see; 4RR 21; 25: And 4RR 22; 1-7: And now Mr Torres's Testimony about how far it was from the trap shoot event To the senee, and if you could see are hear anything from the trap shoot event To the senee: See; 4RR 33; 1-19: Deputy Maritz had made an sworn Affidavit Stating that Mr Luna and

2.) Mr Cervantes had both advised her that appellant came to there home and brandished a knife and Mr Luna also Advised her that Appellant had Followed them around: See CR, P.8: Officer also made out a Sworn arrest warrant on that claim: See; CR, P.9-10 Mr Luna testified he never told anyone that Appellant Followed them around: See; 3RR 85; 17-22: Officer Maritz admits that she never toke Mr Cervantes Statement

3.) and that it wasn't in her report. 3RR 115; 10-24: Deputy Maritz testified that she didn't go back to the Crime scene after the arrest: 3RR 117; 15-23: she also testified she didn't go to the Crime scene before the arrest: see; 3RR 119; 16-21: Deputy testified that Mr Cervantes gave his statement after she had wrote her report: See; 3RR 121; 16-21: Deputy Maritz admits

4.) she never talked with Mr Cervantes or Mr Luna about the case: see; 3RR 125; 15-17: Deputy Maritz testified that she was told about the statement, and she had read Mr Cervantes Statement: See; 3RR 115; 25: And see; 3RR 116; 1-3: Officer Maritz also testified that Deputy Luis Rodriguez had taken Mr Cervantes

5.) Statement: See; 3RR 116; 4-5: There is nothing any where about deputy Rodriguez on statements, reports, nothing: Officer Maritz testified she had searched the immediate area, and in the Cervantes front Yard: 3RR 118; 1-8: See Deputys earlyer testimony; 3RR 117; 15-23: and 3RR 119; 16-21: Also see; 3RR 125; 15-17:

pg.9.

(546 s.w. 2d 302) In the Present case, as in Ammann and Hunt. the wounds although near vital areas, were not shown, by expert testimony or otherwise, to have been likely to result in death or serious bodily injury. see; Fregia v. state. 79 Tex crim, 334, 185 s.w. 11 (1916), and the other cases cited in Ammann and Hunt, In both Ammann and Hunt. the court emphasized the lack of expert testimony to show that the wounds were dangerous or that they were likely to result in death. The fact reamains, that there was no weapon,. The court of criminal appeal also held in case; Tywoo Keyondi McCain, V. State citing as 22 s.w 3d 497(Tex Crim APP 2000) In the Appellant case 03-14-00313-CR; were is it every shown that the said weaponed was infact a deadly weapon ?? There was no weaponed. The court of appeal Third district errored by not looking at all the elements.. The court of criminal appeals stated in, Jose R. Alvarez, Appellant V. The State, at (566 s.w 2d 613) We find the evidence regarding "the manner of its use or intended use" insufficient to show that the linoleum knife was capable of causing death or serious bodily injury. Harris V. State, Supra; Danzig V. State Supra. We therefore find the evidence insufficient to show that the appellant used a deadly weapon. The state's evidence. at best revealed only the commission of an

assault under VTCA Penal code. Section 22.01(a)(2):
   The court of criminal appeals show's this case to show the evidence sufficient to show a deadly weapon; see; Hubbard V. State (602 s.w. 2d 274) 579 s.w 2d 930(Tex cr APP 1979) the defendant, demanding money, held a long-bladed butcher knife to the complainants throat and threatened to cut her throat. In Hart V. State 581 sw. 2d 675(Tex cr APP 1979) The defendant stabbed the complainant twice with a Pocket Knife; one wound required twenty stitches: In Limuel V. State 568 sw 2d 309 (Tex cr APP 1978) the defendant placed a Pocket Knife at  his victim throat, then stabbed him in the stomach.
                    pg 10.

1.) In the case <u>Megan Winfrey, A.K.A Megan Winfrey Hammond</u> <u>V. State 393 s.w.3d 763 (2013)</u> in the Court of Criminal appeals of Texas, the ruling... The factual sufficiency standards, the appellant court simply reviews all of the evidence in the light most favorable to the verdict. Circumstantial evidence is as probative as direct evidence in establishing guilt, and circumstantial evidence alone can be sufficient to establish

2.) guilt. While juries are permitted to draw multiple reasonable inferences as long as each inference is supported by the evidence presented at trial. Juries are not permitted to come to conclusions based on mere speculation or factually unsupported inferences or presumptions. An inference is a conclusion reached by considering others fact and deducing a logical consequence from them while speculation is mere

3.) theorizing or guessing about the possible meaning of facts and evidence presented. A conclusion reached by speculation is not sufficiently based on facts or evidence to support a find beyond a reasonable doubt.

A conclusion reached by speculation is not sufficiently based on fact or evidence to support a finding beyond a reasonable doubt! We apply <u>Jackson V. Virginia 443 US.301</u>

4.) <u>99 S. CT 2781, 61 L.Ed 2d 560 (1979)</u> as the standard of reviewing the sufficiency of evidence. In determining whether the evidence is legally sufficient to support a conviction, a reviewing court must consider all of the evidence in the light most favorable to the verdict and determine whether, based on the evidence and reasonable inferences therefrom, a rational fact finder could have found the essential elements

5.) of the crime beyond a reasonable doubt. "<u>Gear V. State,</u> <u>340 s.w.3d 743, 746 (Tex crim APP 2011)</u>, citing <u>Jackson V.</u> <u>Virginia 443 US, at 318-19.</u> In Brooks, supra, we also determined that when viewing the evidence in the light most favorable to the verdict. "the reviewing court is required to defer to the witnesses credibility and the weight determination because the jury is the

Pg 11.

1) Sufficiency of the evidence; when both the legal and factual sufficiency of the evidence are challenged we must first determine whether the evidence is legally sufficient to support the verdict. Clewis v. State, 922 SW2d 126, 133 (Tex Crim APP 1996) see; Triplett v. State, No. 07-08-0121-CR, 292 SW 3d 205, 2009 Tex APP Lexis 5194 2009 WL-1940895 at 4 (Tex APP-Amarillo 2009, no peth): Ineffective assistance of 2) counsel; The defendant has the right to effective assistance of counsel at trial; US. Const Amends VI and XIV; Tex Const art 1 § 10; Powell v. Alabama 287 US. 45 (1932): Counsel must act within the range of competence demanded of counsel in criminal ease. See; McMann v. Richardson 397 US. 759 (1970) The Same standards apply in evaluating the representation of retained and appointed counsel; Cuyler v. Sullivan, 446 US 335 (1980) The effectiveness of counsel is ordinarily gauged by the totality of the representa- 3) tion, but a single error if sufficiently egregious, can constitute ineffective assistance; ex Parte Felton, 815 SW. 2d 733 (Tex Crim APP 1991). The standard of Strickland v. Washington, 466 US 668 (1984) applies. Counsels Performance must be gauged on the basis of the case law extant at the time of trial. Vaughn v. State, 932 SW 2d 564 (Tex Crim APP, 1996): Appellants Trial Counsel Mr Gerald R. Ratliff, Failed To File PreTrial motion; For instance; Motion to Quash enhancement Alleations: Legal Basis of Motion; The 4) Appellant notes the dissenting opinion of Judge Price Joined by Judges Meyers, Johnson and Holcomb in Bowley v. State, 310 s.w. 3d 431 (Tex Crim APP 2010) in which Judge Price observed: Appellant submits that as a matter of fundamental fairness, due process required that a closer analysis of his Prior Convictions is logically required, and to take the approach of Steels would violate a defendants right to both due Process of law under the 14th Amendment to the United States Constition, and to 5) Prosecution according to due course of law under Article Sec 19, of the Texas Constitution.

Pg 12.

1.) The Jury, as fact finder's is the sole Judge of the credibility of the witnesses and of the weight to be assigned to their testimony and may accept any or all of a witnesses testimony. See; Musgraves v. State 34 S.W. 3d 912, 919 (Tex. Crim APP 2000). The appellaTE Court resolves any inconsistencies in the evidence in favor of the Verdict. Id. The verdict may not be

2) overturned unless it is irrational or unsupported by Proof beyond a reasonable doubt; Matson v. State 81 Sw 2d 829, 846 (Tex crim APP 1991); If based on all the evidence, a reasonably minded Jury must necessarily entertain a reasonable doubt of the defendants guilt; due process of law requires that the court reverse and order a Judgement of acquittal. Fisher v. State 651 sw 2d 298, 302 (Tex crim APP 1993); It is a fundamental

3) rule of criminal law that one cannot be convicted of a crime unless it is shown beyond a reasonable doubt that the defendant committed each elemend. XIV; Texas code of crim Proc. Ann art. 38.03 (Vernon SuPP 2008); Tex Penal code Ann § 2.01 Evidence is legally insuffi ient if when viewed in a light most favorable to the Prosecution, a rational trier of fact could not have found each element of the offense beyond a reasonable

4) doubt. Jackson v. Virginia 443 US 307, 318, 99 s.cT 2781 2789, 61 L.Ed 2d 560, 573 (1979); Laster v. State, 275, s.w 3d 512, 517 (Tex Crim APP 2009); Any circumstance of aggravation in the manner or character of the assault or battery by which it exceeds the assault or the incidents of battery by which it exceeds the incidents or consequences of a common assault or battery, will render the ____ assault of an aggravated

5) nature. Worton v. State (1855); 14 Tex 387.

Pg 13.

Deputy Maritz testified she had talked with Staci Dorotik while Appellant was sitting on the ground and handcuffed at the trap shoot event: see; 3RR96;1-2: Also see; 3RR 108; 17-25: And now See Staci Dorotiks testimony about what happened with the appellant: See; 3RR 35; 7-18: The state wantd Mrs Dorotik, through testimony, Show she was familiar with the appellant: Fact is we did not know one other: See; 3RR 27; 3-13: and 3RR 30; 1-8: Mrs Dorotik was asked if the person she had described as being a nusance, changing cloths, causing Problems, being intoxicated, trying to talk with her, was he in the courtroom today? See; 3RR 28; 15-18: Mrs Dorotik could not answer, even though Appellant was setted at the defense's table; See: 3RR 28; 19-25 Mrs Dorotik had to ask the state if it was the appellant setted at the table: see 3RR 29; 2-3 The state had to lead the witness Mrs dorotik to the appellant: See; 3RR 29; 4-13: Mrs dorotik didnt know appellant from so called victim, or from the live in brother-in-law, Mr Luna: See; 3RR 33; 4-20: Deputy maritz also testified she had talked with ernest torres on the scene, The trap shoot event, the so called crime scene was the yard of Mr Luna and Mr Cervantes: Deputy Maritz testified she had talked with Mr Cervantes and Mr Luna: 3RR 109; 1-6: Mr Cervantes, testified he had not come out of the house after the sheriff department had showed up: See; 3RR 53; 18-20: Mr Luna testified he never told deputy Maritz anything about appellant following them arounds: See; 3RR 85; 17-22: Deputy Maritz admits she never talked with Mr Cervantes or Mr Luna, about the case: See; 3RR 125; 15-17: Mrs Maritz testified she arrested Appellant on August 24, 2013: Appellant was charged with nothing but arrested on, outstand warrants, and Public intoxication and disorderly conduct: See: 3RR 122; 9-14: Deputy maritz That Appellant was charged with aggravated assault with a deadly weapon the following day, that would Put the date August 25Th 2013: After she wrote out Affidavit 3RR 122; 15-18: Also see CB.P.8-9: see the date's:

Pg 14.

APPellanT would like to know how is it Posible
To be booked iNTo Jail and charged with AGG Assault
w/deadly weaPon, Public InToxicaTion, Disorderly coduct
discharge/disPlay Firearm, IF APPellanT was even
Charged ontill oFFicer wrote out her AFFidavit, which
was'nt ontill August 28, 2013; See,   CR. P. 8-9; See
dates:

        APPellant has resently        received
Booking Sheet; See dates; Also Please exPloiin
how this is Posible??